IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA

| JOE GLOVER, FAMILY POLICY NETWORK, and AIRSIGN, LLC, | : 6:03-cv-751-Orl-22JGG |
|---|---|
| Plaintiffs, | : |
| v. | : |
| FEDERAL AVIATION ADMINISTRATION, UNITED STATES DEPARTMENT OF TRANSPORTATION, and TRANSPORTATION SECURITY ADMINISTRATION, | : |
| Defendants. | : |

## PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs, by and through counsel, move this Court pursuant to Fed. R. Civ. P. 65 and LR 4.05 for entry of a Temporary Restraining Order (TRO) prohibiting Defendants from applying the ban on fly-overs in a manner infringing Plaintiffs' First Amendment rights to free speech and free press, thereby maintaining the status quo prior to imposition of the total ban on fly-overs a few months ago. In support of this application, Plaintiffs submit their Complaint and exhibits thereto, as well as a memorandum of law in support of TRO.

In a nutshell, Plaintiffs seek to fly a banner proclaiming, "JESUS CHRIST: HOPE FOR HOMOSEXUALS.COM" over Walt Disney World for a period of one (1) hour this Saturday, June 7, 2003, during the annual "Gay Day" event occurring this weekend, at which an estimated 135,000 homosexuals will be gathered. However, due to the imposition by Defendants of a "no-fly zone" over Disney World in February and March of this year, Plaintiffs have been banned from sharing

their message to the intended audience, despite the fact that others similarly situated to Plaintiffs, such as network television stations, are routinely permitted to fly within the "no-fly zones" and exercise their free speech and free press rights. Plaintiffs thus seek a restoration of the status quo as it existed prior to enactment of the total ban on banner towing in February of 2003.

In support of this motion, Plaintiffs stress that: (1) the issuance of a TRO is necessary to prevent immediate and irreparable harm to Plaintiffs; (2) Plaintiffs have contracted for the fly-over for Saturday, June 7, 2003, after which time the intended audience will vacate the premises; (3) the threatened injury to Plaintiffs outweighs any possible harm a TRO could cause Defendants, because Defendants' interests in security are adequately served by the background checks already completed on Plaintiffs' pilot; and (4) issuing a TRO will clearly serve the public interest by upholding rights guaranteed by the United States Constitution.

Counsel for Plaintiffs has spoken with attorneys from the U.S. Attorney's office in Orlando as well as with attorneys from the U.S. Department of Justice and the Department of Transportation Office of General Counsel. Counsel for Plaintiffs has also served copies of the pleadings filed herein via e-mail transmission on June 3, 2003. *See* Declaration of Stephen M. Crampton, attached hereto.

WHEREFORE, Plaintiff respectfully requests that this Court enter a Temporary Restraining Order restraining Defendants for the period of ten days or until the issuance of a Preliminary Injunction, from the acts set forth above, and that a bond be waived or nominal bond required.

Respectfully submitted,

*[signature]*

Stephen M. Crampton, Trial Counsel
MS Bar No. 9952
(Pending Admission Pro Hac Vice)
Brian Fahling, WA Bar No. 18894
(Pending admission Pro Hac Vice)
AMERICAN FAMILY ASSOCIATION
CENTER FOR LAW & POLICY
P.O. Drawer 2440/100 Parkgate
Tupelo, MS 38803
(662) 680-3886

Attorneys for Plaintiffs